**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TOMMY RAY MOSLEY,
ADC #85548                                                                                          PLAINTIFF

V.                            5:15CV00261 KGB/JTR

STEVE MILLER, Law Clerk,
Maximum Security Unit, ADC, et al.                            DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

**I. Discussion**

Tommy Ray Mosley is a prisoner in the Maximum Security Unit of the Arkansas Department of Correction. He has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. He has not paid the filing fee or sought permission to proceed *in forma pauperis*.

The Prison Litigation Reform Act provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

Prior to filing this lawsuit on August 10, 2015, Plaintiff filed *at least* four § 1983 actions that were dismissed for failing to state a claim upon which relief may be granted. *See Mosley v. Endell*; 5:93CV00054 (dismissed on March 2, 1993); *Mosley v. Reed,* 5:96CV00119 (dismissed on March 15, 1996); *Mosley v. Ark. Sup. Ct.*, 4:96CV00056 (dismissed on March 29, 1996); *Mosley v. United Nations,* 4:02CV00752 (dismissed on January 7, 2003). Thus, he has accumulated three strikes.

Nevertheless, Plaintiff may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies

only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

Here, Plaintiff alleges that defendants are violating his constitutional right to access the courts by refusing to provide him with copies of the Eighth Circuit Rules of Appellate Procedure. That allegation does not satisfy the imminent danger exception to the three strikes rule. Thus, Plaintiff cannot proceed *in forma pauperis,* and he must pay the filing fee in full.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to pay the filing fee.

2. Plaintiff be given thirty days to reopen this case by paying the $400 filing fee in full and filing an Motion to Reopen.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 18th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE